IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/10/2007

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| EAST HOUSTON ESTATE APARTMENTS, L.L.C., | ) CASE NO. 07-34388-H3-11 |
|  | ) |
| Debtor, | ) |
|  | ) |

## MEMORANDUM OPINION

The court has held a final hearing on the "First Amended Emergency Motion for Relief from the Automatic Stay" (Docket No. 18) filed by East Houston Apartments, L.L.C. ("EHA").[1]  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

East Houston Estate Apartments, L.L.C. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 2, 2007.

In 1995, George Dawson acquired an unfinished 130-unit apartment complex.  In 1999, Dawson sold the property to Debtor,

---

[1] The names of the creditor entity and the Debtor are very similar.  Accordingly, the court is using "EHA" to refer to the creditor entity.

an entity of which he is the manager.  Dawson testified that, after paying $350,000 to "consultants," he acquired the property for $75,000.  He testified that he sold the property to Debtor for $1,113,000.  He testified that he has agreed to defer Debtor's payment of the purchase price to him.

Debtor has sought to make the property habitable for low-income housing.  Debtor entered into a loan agreement with Chase Bank of Texas, N.A. ("Chase"), in order to borrow up to $1,238,158 to renovate the property.  (EHA Exhibit 1).  Dawson testified that Chase advanced $404,000 to Debtor, secured by the property and by five rental homes owned by Dawson, individually.  Dawson testified that the City of Houston committed to loan $750,000 to Debtor to assist with the renovation, secured by a second lien in the property.  He testified that the City of Houston advanced $237,000 to Debtor.

Dawson testified that Chase refused to advance additional funds.[2]  He testified that Debtor has not repaid the funds advanced by either Chase or the City of Houston.

Douglas Chase Fonteno, the president of EHA, testified that Debtor has not made a payment on the Chase note since July 28, 2000.

Dawson testified that there are no doors on most of the apartment units.  He testified that the only security is provided

---

[2] The Chase note was subsequently assigned to EHA, the movant as to the instant motion.

2

by one person living on the property, and by the ad hoc efforts of various personal friends of Dawson, living in the neighborhood.  He testified that none of these persons is a bonded security officer.  He testified that the property is insured, and produced what appears to be an insurance "binder," which, if ever effective, was set to expire at noon on the date of conclusion of the final hearing.  The parties appeared at 2:00 p.m. on the date of conclusion of the final hearing, September 6, 2007, and announced that Debtor has purchased no additional insurance.  Dawson testified that Debtor has not paid ad valorem real property taxes for four years.

Fonteno testified that in several visits to the property, he has never been able to find the security guard Dawson testified resides on the property.  He testified that he has experience of taking possession of other apartment complexes similar to the property.  He testified that, in those other complexes, he would board up all the doors and windows to prevent entry into the property.  He testified that the property appears vulnerable to damage by storm, fire, and vandalism.  He testified he would obtain insurance, and hire a security guard to be posted at the gate, if he had such a property.  He testified that the cost of boarding up the property would be $100,000 to $150,000.  He testified that the cost of insuring the property for one year would be $25,000.  He testified that security would cost $30,000

to $40,000 per year.  Fonteno has experience in handling distressed multi-unit housing and his testimony was credible.

Dawson testified that Debtor has no income.  Debtor's schedule B indicates that, on the petition date, Debtor had $89.89 in a bank account.  (Docket No. 10)

Dawson testified that he believes the value of the property to be in excess of the debt owed.  He testified that he believes Debtor does not owe a debt on the Chase note, and that he believes the value of the property, in its present condition, is $1,430,000.  He testified that he has a contract to sell the property for $1,430,000.  He testified that the proposed contract provides that either party may withdraw without penalty.  He testified that there is no earnest money.

Dawson testified that he has had discussions with several proposed equity investors in Debtor.  He has not obtained any firm commitments to invest funds.  He testified that the proposed purchaser of the property failed to close the purchase by the initial date required by the contract, but that he has granted the proposed purchaser an extension of time.  No proposed sale of the property is presently before this court for approval.

Debtor's schedules indicate that, other than the disputed claims of EHA and the City of Houston, and a claim allegedly owed to Dawson, Debtor has $67,000 in other debts.[3]

---

[3]This amount consists of two claims for ad valorem property taxes, wages due to the purported security guard and a lawn

4

Conclusions of Law
-----

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization; or

11 U.S.C. § 362(d).

In the instant case, Debtor has not made a sufficient offer of adequate protection. Fonteno's credible testimony indicates substantial expenses in order to provide security and insurance. Dawson's testimony indicates a willingness to provide security and insurance, but no means by which Debtor can do so. The property is presently uninsured. The court notes that the issues regarding whether Debtor may have claims against EHA or defenses to its notes may be raised in another forum. The court concludes that there is cause for lifting of the automatic stay in order to permit EHA to exercise its right under applicable law

---

service, and $2,000 in attorney fees.

5

with respect to the property.

Based on the foregoing, a separate Judgment will be entered granting the "First Amended Emergency Motion for Relief from the Automatic Stay" (Docket No. 18) filed by East Houston Apartments, L.L.C.

Signed at Houston, Texas on September 10, 2007.

*/s/ Letitia Z. Clark*
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE